EG:LAL

**12 M 761**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CIPRIANO PAULINO,

           Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

EASTERN DISTRICT OF NEW YORK, SS:

    MICHAEL MARTINEZ, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, ("HSI"), duly appointed according to law and acting as such.

    Upon information and belief, on or about August 14, 2012, within the Eastern District of New York and elsewhere, the defendant CIPRIANO PAULINO did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing heroin, a Schedule I controlled substance.

    (Title 21, United States Code, Sections 952(a) and 960).

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1]     Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant

2

1. On August 14, 2012, the defendant CIPRIANO PAULINO arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard JetBlue Airlines Flight 842 from Santiago, Dominican Republic. CIPRIANO PAULINO was selected for a routine bag examination by a Customs and Border Protection ("CBP") Officer.

2. During an examination, CIPRIANO PAULINO gave inconsistent answers to routine customs questions. Specifically, the defendant stated that he had purchased a round trip airline ticket in the Bronx but he did not remember the name or the address of the travel agency. CBP records, however, indicate that CIPRIANO PAULINO's airline ticket was purchased in cash in the Dominican Republic two days prior to his travel to the United States. In addition, CIPRIANO PAULINO stated that the reason for his trip was a vacation to visit his parents. However, when contacted, CIPRIANO PAULINO's father stated that he was unaware that CIPRIANO PAULINO had left the Dominican Republic.

3. CBP officers conducted an inspection of the defendant's luggage and a pat down of the defendant, both of which yielded negative results. CIPRIANO PAULINO started exhibiting nervous behavior. During a further interview, CIPRIANO PAULINO was asked who took him to the airport in the Dominican Republic and he stated that his cousin took him.

---

facts and circumstances of which I am aware.

3

CIPRIANO PAULINO's cousin was called and denied taking CIPRIANO PAULINO to the airport.

4. The defendant was then presented with an x-ray consent form which was read to the defendant by a CBP Officer in Spanish, and he indicated that he understood and voluntarily signed. The defendant CIPRIANO PAULINO was transported to the medical facility at John F. Kennedy International Airport, where an x-ray was taken of defendant's intestinal tract, which was positive for foreign bodies. On August 14, 2012, the defendant passed five pellets, one of which field-tested positive for the presence of heroin. The defendant was then placed under arrest.

5. Defendant CIPRIANO PAULINO will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant CIPRIANO PAULINO be dealt with according to law.

Michael Martinez
Special Agent
HSI

Sworn to before me this
15th day of August, 2012

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK